UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. GASTILE, | No. 2:11-cv-2829-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner proceeding without counsel in a civil rights action brought under 42 U.S.C. § 1983. On April 17, 2014, United States Magistrate Judge Kendall J. Newman presided over a settlement conference, which resulted in the parties' agreement to settle this case. ECF No. 46. On April 23, 2014, plaintiff filed a letter addressed to the undersigned, claiming that he was heavily medicated on the day of the settlement conference, which caused him to be confused during the proceedings. ECF No. 47. He claims he felt pressured, coerced, and afraid because nobody would hear his side of the story. *Id.* He asks that he be permitted to "recall" the document he signed at the settlement conference. *Id.* The court construes plaintiff's filing as a request to set aside the settlement. So construed, the request is denied.

     After the parties reached a settlement, Judge Newman went on record to confirm that the parties had settled. The undersigned has listened to the audio recording of this proceeding, and is satisfied that plaintiff voluntarily agreed to, and understood, the terms of the settlement

1

agreement. Judge Newman began the proceeding by reminding plaintiff that it was important that he understood what was happening and that if he was confused at any time, Judge Newman would provide him with clarification. Judge Newman then stated the terms of the settlement and asked plaintiff (through individual questions): (1) if he had accurately stated the terms of the settlement; (2) if plaintiff understood the terms; and (3) if plaintiff agreed to the terms. Plaintiff responded affirmatively to each question. Judge Newman also asked if plaintiff had any questions regarding the terms. Plaintiff responded that he did not. Judge Newman, who acknowledged that the settlement terms were not what plaintiff had hoped for, confirmed that plaintiff had not been forced into settling and that it was plaintiff's desire to settle under the agreed upon terms. Judge Newman even cautioned plaintiff that he could not come back to the court with "buyer's remorse," claiming to be entitled to more than what was agreed upon by the parties on that date. When asked if he understood this, plaintiff said he did. On this record, plaintiff's claims of confusion and coercion plainly lack merit.

For these reasons, IT IS HEREBY ORDERED that plaintiff's request to set aside the settlement (ECF No. 47) is denied. Dispositional documents remain due in accordance with the six month deadline imposed by Judge Newman on April 17, 2014.

DATED: June 19, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2