UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. GASTILE,<br><br>    Plaintiff,<br><br>  v.<br><br>T. VIRGA, et al.,<br><br>    Defendants. | No. 2:11-cv-2829-JAM-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 17, 2014, the parties appeared before United States Magistrate Judge Kendall J. Newman for a settlement conference during which the parties reached a settlement agreement to fully resolve this case. ECF No. 46. Plaintiff since has had a change of heart and has twice tried to have the agreement set aside. ECF Nos. 47, 49. Both motions were denied. ECF Nos. 48, 50. Defendants now move to enforce the agreement. ECF No. 56.

  The terms of the settlement agreement were stated on the record in open court. ECF No. 56-2 at 4 – 14. They include a one-time payment by the California Department of Corrections and Rehabilitation ("Department") to pay the cost of plaintiff's filing fee for this action and a waiver of costs by all defendants in exchange for plaintiff's agreement to voluntarily dismiss the case. *Id.* at 2. Structurally the agreement would be carried out by plaintiff executing a stipulation for voluntary dismissal with prejudice (which he signed at the settlement conference, *id* at 1 & 16) to be followed by the payment of plaintiff's filing fee. However, as a condition of making the contemplated payment of the filing fee, plaintiff was to sign the written settlement agreement that was to be prepared by defense counsel. Ultimately, upon payment of the required fee, defendants would then file the stipulation for dismissal. Plaintiff, however, has refused to sign the

settlement agreement notwithstanding his having confirmed on the record at the judicially-supervised conference his acceptance of the settlement terms.

Defendants contend that because plaintiff has refused to sign a written settlement agreement (which includes a general release from liability of all defendants and the Department, ECF No. 56-2) they cannot issue the payment for plaintiff's filing fee. However, as noted, plaintiff has already affirmatively represented to the court, on the record, his agreement to the terms of the settlement agreement. Given that the court has recorded at the close of the settlement conference that orally stated agreement on the record (ECF No. 46), obtaining plaintiff's signature when he is refusing to provide it is not necessary.

In *Disibio v. Bank of Oakland*, 71 F. App'x. 760 (9th Cir. 2003), most of the parties attended a settlement conference and all were represented by counsel at the settlement conference. They negotiated for several hours and settlement was reached. *Id.* at 761. The magistrate judge then had the parties state on the record their agreement. They indicated that they had reached a framework for settlement and agreed that the terms were understood and acceptable. *Id.* After the conference, plaintiffs refused to sign the settlement agreement prepared by defendant. *Id.* The defendant filed a motion to enforce the oral settlement agreement, which the district court granted. *Id.* at 761-762. On review, the Ninth Circuit noted that it reviews a district court's enforcement of a settlement agreement for abuse of discretion. *Id.* at 762 (citing *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002)). The court further noted, "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Id.* (internal quotation marks omitted). The court rejected the various arguments advanced by plaintiff and upheld the enforcement of the settlement as within the district court's discretion. *Id.*

Similarly, in *San Francisco Aesthetics v. Tsai*, 454 F. App'x. 579 (9th Cir. 2011), the Court of Appeal upheld enforcement of an oral settlement agreement where the parties could not get a writing executed after the conference. The court held that it was proper for the district court to adopt most of one parties' stipulated judgment where the parties "could not distill their oral

/////

settlement into a written agreement" because the stipulated judgment accurately reflected the terms of the settlement agreement as orally recorded. *Id.* at 581.

Both of the above cases relied on *Doi v. Halekulani Corp.*, 276 F.3d 1131 (9th Cir. 2002), a case quite similar to Mr. Gastile's. There, the Ninth Circuit held that the district court had properly enforced a negotiated settlement "where, after the terms of the settlement had been placed on the record and agreed to by all parties in open court, the plaintiff refused to execute a written agreement." *Id.* at 1133-34. The court held that plaintiff had entered into a binding agreement when she agreed to the terms of the settlement in open court. *Id.* at 1137. Plaintiff had agreed in court to all the material terms of the settlement, so there was no question about her intent to be bound. *Id.* at 1137-38, 1141 (noting that plaintiff agreed to the terms in open court and disapproving of plaintiff's later disavowal of the settlement "when it suits her").

As noted in *Doi*, an agreement to settle a federal case is a contract governed by the applicable state law. *Id.* at 1136. As to this case, California law provides: "If the parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court *or orally before the court*, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Cal. Civ. Proc. Code § 664.6 (emphasis added). Plaintiff agreed to the terms of the settlement in open court, on the record. He was admonished by the settlement judge that he would not be allowed to back out of the settlement later.[1] Thus, enforcement of the settlement is appropriate here.

---

[1] THE COURT: All right. And Mr. Gastile, we've talked about there's going to be documentation to follow, but we're putting this settlement on the record now, so there's no what I would call buyer's remorse. You don't get to refuse to sign documents or contact the Court a week from now, a month from now, or three months from now saying, I've thought about it, or I've talked to somebody else, and I should have held out for more, because that's not a basis to seek to set aside the settlement.

Do you understand all of that, sir?

MR. GASTILE: Yeah.

ECF No. 56-2 at 8. After confirming with all parties that the terms of the settlement had been accurately stated on the record, the court ordered that all previously set dates be vacated and ordered that the stipulation be filed within 180 days. *Id.* at 13; ECF No. 46. That deadline has long since expired.

3

1     It is well within the court's discretion to enforce the agreement, regardless of whether plaintiff will sign the written memorialization of that agreement. For the reasons stated above, it is recommended that the court enforce the settlement by ordering defendants to tender the fee to the court, upon receipt of which the court will dismiss the case with prejudice. The dismissal with prejudice will constitute an adjudication on the merits. Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE